# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

YU TIAN LI,

        Petitioner,

  v.                                  Case No. 10-C-810

UNITED STATES,

        Respondent.

**MEMORANDUM AND ORDER**

On September 20, 2010, Yu Tian Li filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence based on his allegations that his trial counsel's representation was ineffective. This matter is now ripe for disposition as the Government has filed an answer and brief in opposition (Dkt. 5) and Li has filed a reply brief. (Dkt. 7.) For the reasons set forth herein Li's § 2255 motion will be denied.

Yu Tian Li pled not guilty to criminal charges of harboring illegal aliens for commercial advantage and private financial gain. A jury found Li guilty on two charged counts. This Court then sentenced him to 15 months imprisonment on each count, to run concurrently, and two years of concurrent supervised release. As part of his sentence Li was assessed a fine of $10,000 and ordered to forfeit his property on Silver Street in De Pere, Wisconsin. Li appealed his judgment of conviction on May 8, 2009. On August 3, 2010 the Seventh Circuit affirmed the conviction. *United States v. Li,* 615 F.3d 752 (7th Cir. 2010). Li then filed the subject motion under § 2255.

**BACKGROUND**

Prior to his conviction Li owned and operated the China King Buffet in De Pere, Wisconsin. In late 2007, after receiving an anonymous tip, federal authorities began an investigation into the immigration status of China King employees. During that investigation they observed Li regularly use a van to transport approximately six people between his home in De Pere and the China King Buffet. During a subsequent consent search of Li's home authorities detained three persons who were illegally present in the United States and who appeared to be living in Li's home, basement, and garage.

Li was charged with illegally harboring or shielding illegal aliens for commercial advantage or private financial gain in violation of 8 U.S.C. §§1324(a)(1)(A)-(B). Li retained counsel who represented him during pre-trial proceedings and during a two-day jury trial on January 20-21, 2009. At trial the government played videotaped deposition testimony of the three illegal aliens discovered in Li's home who admitted to being in the country illegally. One of the men, who had been living in Li's home and working in Li's restaurant for several months, testified that he told Li he was an illegal alien. The jury convicted on two counts and judgment was entered on May 7, 2009.

Li's motion under 28 U.S.C. § 2255 raises four claims, all related to ineffective assistance of trial counsel. First, he claims that counsel proposed the wrong jury instruction which omitted the mens rea element of the crime charged. Second, he claims trial counsel did not properly object to admission of video-taped testimony of adverse witnesses or to the Court reading a portion of such testimony to the jury. Third, he claims that trial counsel did not ensure that he could fully communicate with the defendant and that a "major language barrier[]" may have prevented such

2

communication. Fourth, he claims that trial counsel did not permit him to testify on his own behalf at trial.

## ANALYSIS

**I. Ineffective Assistance of Counsel Standard**

Ineffective assistance of counsel, if properly established, may provide a constitutional ground for relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Such an "inneffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States,* 538 U.S. 500, 504 (2003).

Under *Strickland*, a counsel's performance must be both deficient and prejudicial. 466 U.S. at 687. To be "deficient" an attorney must have made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To be "prejudicial" the counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." (*Id.*)

In determining whether counsel is deficient, courts review the case from the counsel's perspective at the time of the plea. *Strickland v. Washington*, 466 U.S. at 687. This type of review is required to eliminate the distorting effects of hindsight because it is "all too tempting for a defendant to second-guess counsel's assistance after conviction." *Id.* at 689. A convicted defendant making a claim of ineffective assistance must specifically identify the "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The Supreme Court has held that reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". *Id.* at 689.

3

Assuming Li can overcome this strong presumption and prove his counsel was deficient, he must also prove that such deficient representation actually prejudiced his case. *United States v. Morrison*, 449 U.S. 361, 364-365 (1981). In nearly all situations *Strickland* places the burden on the defendant to affirmatively prove prejudice. "Even if a defendant shows that particular errors of counsel were unreasonable, therefore, the defendant must show that they actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. at 687.

## II. Li's Allegations of Ineffective Assistance

As stated above Li's motion under § 2255 is based on four grounds, each alleging ineffective assistance of counsel.

### A) Jury Instruction

Because there is neither controlling case law nor a pattern instruction for the crime of alien-harboring in the Seventh Circuit, Li's Trial Counsel proposed a jury instruction modeled after one used in the Eleventh Circuit. This Court gave a variation of the jury instruction proposed by Li's Trial Counsel. Li now alleges that Trial Counsel was deficient for proposing the instruction, which he claims was incorrect. (Motion at 7.) Li argues the jury should have been instructed that they needed to find he specifically intended to harbor aliens.

I cannot find that Li's counsel was deficient in proposing the jury instruction he did. The Supreme Court has not ruled on whether alien-harboring is a specific or general intent crime. As described above, the Eleventh Circuit provides a general intent instruction for alien-harboring. *See* 11th Cir. Pattern Jury Instruction 83.3.; *U.S. v. Khanani,* 502 F.3d 1281, 1287 (11th Cir. 2007.) The Fifth Circuit follows this same approach. *See United States v. DeJesus-Batres,* 410 F.3d 154,

4

162 (5th Cir. 2005). The case Li relied on in his appeal, *United States v. Nguyen,* 73 F.3d 887 (9th Cir. 1995) interprets the alien-transportation subsection of Section 1324, not the alien-harboring crime with which Li was charged. Transportation of aliens, under 8 U.S.C. § 1324 (a)(1)(A)(ii), may be a specific intent crime, but that does not dictate the required proof necessary to convict Li of alien-harboring in violation of 8 U.S.C. § 1324 (a)(1)(A)(iii). The case Li now relies on, *United States v. Parmelee,* 42 F.3d 387, 391 (7th Cir. 1994), does not stand for the proposition that the crime of harboring aliens is a specific intent offense. (Response Br., Dkt 7, at 4.) Instead the case "hold[s] that a defendant's guilty knowledge that his *transportation activity* furthers an alien's illegal presence in the United States is an essential element of the crime"; this plainly relates to transportation of, rather than harboring of, aliens. *Id.* (emphasis added). The rationale behind the *Parmelee* decision is that without a specific intent element it would be possible to convict those who unwittingly transported illegal aliens; for example, a taxi driver or a bus driver could be convicted even if they did not realize they were driving illegal aliens. *Id.* Overall, considering the authority from the Eleventh and Fifth Circuits, the distinguishable case from the Ninth Circuit, and the absence of controlling precedent from either the Seventh Circuit or the Supreme Court, I cannot conclude that Trial Counsel's proposed jury instruction was unreasonable. Li has failed to provide this Court with any authority to support his contention that Trial Counsel was ineffective by proposing the jury instruction he did. In collateral proceedings under § 2255, Trial Counsel's conduct is presumed to fall within the wide range of reasonable professional assistance. Here Li has not overcome that presumption and, as such, this Court cannot find Trial Counsel was deficient.

Moreover, even if a court was to hold that Li's counsel was deficient in proposing the jury instruction, Li has failed to show that the proposed instruction had an adverse effect on Li's defense.

*Strickland v. Washington*, 466 U.S. at 687. The indictment alleged that Li acted with knowledge of the aliens' illegal status or in reckless disregard for their status. At trial jurors heard evidence that one of the illegal aliens who lived at Li's house for several months eventually divulged his status as an illegal alien to Li. (Gov't Response at 6.) At the conclusion of the evidence the jury was instructed that, in order to convict, they needed to find that the "defendant knowingly concealed, harbored, or sheltered from detection the named alien within the United States" and "that the defendant either knew or acted in reckless disregard of the fact that the named alien entered or remained in the United States in violation of the law." (Jury Instructions, Dkt. 75 at 6, *United States v. Yu Tian Li,* 08-Cr-212 (E.D. Wis.)). The jury returned a guilty verdict with regard to Li's harboring of the alien who divulged his illegal status to Li. In light of the evidence presented at trial, the instruction given, and the jury's finding, Li has failed to show prejudice. That is, he has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694.

**B) Videotaped Deposition Testimony at Trial**

Li next attempts to support his motion by arguing that his counsel was deficient in failing to object to the use of videotaped depositions at trial. (Motion at 8.) Trial Counsel did in fact object to portions of the videotaped testimony. (Transcript of Telephone Conference, January 16, 2009, Record 110, *United States v. Yu Tian Li,* 08-Cr-212 (E.D. Wis)). The Court ruled on Trial Counsel's objections. (*Id.*) Li consented to the general procedure of using videotaped deposition testimony at trial. (*Id.* 109:35.) To the extent that Li argues that his counsel was ineffective by not objecting to the Court reading a portion of the deposition to the jury, Li has not made a sufficient showing of prejudice. Only a portion of the transcript was read to the jury after a malfunction

occurred rendering the video equipment temporarily inoperable. By the time the video malfunction occurred, the jurors had already watched a portion of the video and observed the demeanor of the witness. Moreover this Court offered Li an opportunity to bring the jury back to replay the entire video but he declined that offer. For all of these reasons Li's § 2255 motion fails to show that trial counsel's actions related to the video depositions were either deficient or prejudicial.

### C) Language Barrier

The third ground Li relies on in support of his motion is that a "major" language barrier precluded trial counsel and Li from communicating effectively. (Motion at 9.) Li contends that trial counsel should have withdrawn from representation or taken additional steps to ensure clear communication with Li.

Li has not shown, however, that such a language barrier existed, let alone one that rose to the level of ineffective assistance. At trial Li had the benefit of court-appointed interpreters who spoke his particular dialect of Chinese. Li participated in a meaningful way in his trial and never notified the Court of any language barrier, let alone a "major" barrier. (Gov't Response at 17.) These facts cut against Li's unsupported allegation of such a communication barrier. *See Gallo-Vasquez v. United States,* 402 F.3d 793, 798 n.1 (7th Cir. 2005) (noting that "petitioner's failure to complain earlier about a problem that would have been obvious to him—an almost complete inability to communicate with his lawyer—calls into question whether such a problem really existed.").

In light of the one paragraph Li's § 2255 motion devotes to this purported language barrier and the substantial evidence to the contrary noted by Respondent, I hold that Trial Counsel's actions were neither deficient nor prejudicial.

7

**D) Defendant's Right to Testify at Trial**

Li's final ground for relief stems from his contention that his Trial Counsel did not permit him to testify on his own behalf at trial. (Motion at 9.)

To the extent Li is arguing that his waiver of his right to testify was not knowing, intelligent, and voluntary, *Brewer v. Williams,* 430 U.S. 387, 404 (1977), Li failed to raise this issue in his direct appeal to the Seventh Circuit. He now shows no cause for such failure. The issue of Li's waiver of the right to testify is, therefore, is not proper in his § 2255 motion. *See Bousley v. United States,* 523 U.S. 614 (1998). Li has failed to provide any authority to the contrary or to assert that he is actually innocent. It is also worth noting that the Court conducted a detailed colloquy with Li addressing his decision not to testify and gave Li and his attorney a recess to consult on the subject after Li expressed some initial uncertainty about whether to testify or not. After the recess the Court conducted the following detailed colloquy with Li:

> THE COURT: Okay. In other words, you do understand you have the right to testify, but after giving it thought and after listening to your attorney, you've decided not to; is that correct?
>
> THE DEFENDANT: Correct. Correct.
>
> THE COURT: Now, did anyone make any threats against you to get you to give up your right to testify in front of this jury?
>
> THE DEFENDANT: No.
>
> THE COURT: And did anyone make any promises to you to get you to do so?
>
> THE DEFENDANT: No.

(Trial Transcript, Dkt. 124, pg. 48, *United States v. Yu Tian Li,* 08-Cr-212 (E.D. Wis.)). By stating unequivocally that he did not wish to testify, that it was his decision not to testify, and that no one

8

had made any threats or promises to him regarding testifying, Li's waiver was knowing, voluntary, and intelligent.

To the extent that Li is arguing his Trial Counsel's advice on whether to testify was incorrect, Li has entirely failed to support such a claim. He has submitted nothing to this Court indicating what advice he received from Trial Counsel. Significantly, Li has made no assertion that but for his counsel's advice he would have testified, or that not testifying had an adverse effect on the defense.

Finally, Li's § 2255 motion asks that the Court vacate its forfeiture order. His reply brief does not address the issue (Dkt. 7) but the Government has provided ample authority in support of its position that a § 2255 motion is an improper vehicle by which to attack a forfeiture order. (Dkt. 5 at 19-20.) Because Li has failed to provide any support for his request that I vacate the forfeiture order, and because such a request is improper in a § 2255 motion, the forfeiture order will not be vacated.

## CONCLUSION

In conclusion Li has failed to show that his Trial Counsel's representation was either deficient or prejudicial. Accordingly Li's 28 U.S.C. § 2255 motion to vacate, set aside, or correct, Dkt.[1], is **DENIED**.

Dated this      23rd      day of December, 2010.

                                                    s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge