UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YU TIAN LI,

    Petitioner,

v.                                         Case No. 10-C-810

UNITED STATES,

    Respondent.

**ORDER**

On January 21, 2011 Petitioner Yu Tian Li filed a notice of appeal of my order denying his petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence. Defendant must have a certificate of appealability if he is to appeal the denial of his motion for post conviction relief brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22. Such a certificate shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).

Before issuing a certificate of appealability, a district court must find that the issues the applicant wishes to raise are ones that "are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). In other words, the applicant must raise substantial constitutional questions. Li's petition under 28 U.S.C. § 2255 raised four issues, all related to ineffective assistance of trial counsel. First, he claimed that counsel proposed the wrong jury instruction which omitted the

mens rea element of the crime charged. Second, he claimed trial counsel did not properly object to admission of video-taped testimony of adverse witnesses or to the Court reading a portion of such testimony to the jury. Third, he claimed that trial counsel did not ensure that he could fully communicate with the defendant and that a "major language barrier[]" may have prevented such communication. Fourth, he claimed that trial counsel did not permit him to testify on his own behalf at trial. Although I believe that Li failed to show his entitlement to relief under § 2255 because of his counsel's alleged constitutional deficiencies, I cannot say that a reasonable judge would not make a different decision. Therefore, I will issue a certificate of appealability as to his four claims of ineffective assistance of counsel.

**THEREFORE, IT IS ORDERED** that the request for a certificate of appealability is **GRANTED**, and

A copy of this order will be sent by my clerk to Gino J. Agnello, Circuit Clerk for the Seventh Circuit, United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

Dated this  26th  day of January, 2011.

                                                           s/ William C. Griesbach  
                                                         William C. Griesbach  
                                                         United States District Judge